UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARILYN RUGGERI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:06CV1247 HEA |
| | ) |
| BIG LOTS STORES, INC., | ) |
| | ) |
| Defendant. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's Motion to Remand, [Doc. # 12], and defendant's Motion for Leave to Shorten Time, [Doc. # 15]. Oppositions to both motions have been filed. For the reasons set forth below, the Motion to Remand is denied. The Motion for Leave to Shorten Time is denied as moot.

Defendant removed this matter from the Circuit Court of the City of St. Louis based on the Court's diversity of citizenship jurisdiction. 28 U.S.C. § 1332. Defendant's removal was premised on plaintiff's failure to adequately respond to a request to admit that her damages did not exceed $75,000.

Plaintiff now seeks remand because she contends that her damages do not exceed $75,000.00, the jurisdictional amount in controversy requirement of Section 1332. Plaintiff has not indicated the exact amount that she seeks to recover from defendant. In her memorandum, plaintiff argues that in her supplemental answers to

interrogatories she claims that she will seek to recover $50,000. On closer examination, however, plaintiff's response is that she will "at a minimum" ask the jury for $50,000. This response is too vague and uncertain for the Court and defendant to ascertain whether plaintiff is in fact binding herself to an amount below this Court's jurisdictional threshold. As plaintiff has not entered into a binding stipulation that the amount in controversy does not and will not exceed this Court's jurisdictional amount in controversy, nor has she offered to do so, the Court is dubious of plaintiff's argument. Plaintiff's allegations as to the amount in controversy, in consideration of previous demands and the pleadings, do not firmly establish that the amount is not in excess of $75,000.00. As such, defendant properly removed this matter.

Accordingly, if plaintiff wishes to file an irrevocable certification, binding her in this and any other court, that she will not seek nor accept an amount greater than $75,000.00, exclusive of interest and costs, the Court will entertain a renewed motion to remand. Until such time as an irrevocable certification is filed, this Court has diversity jurisdiction over this matter.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion to Remand, [Doc. # 12], is denied. Because this Order resolves defendant's issues regarding its interrogatory

answers, its Motion for Leave to Shorten Time, [Doc. 15], is denied as moot.

Dated this 7th day of September, 2006.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE